# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **KRISTOPHER SWAIN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 1:10-CV-2941-VEH |
| | ) |
| **PRECISION STRIP, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant's Motion To Require Plaintiff/Appellant To Post Bond Under Rule 7 of the Federal Rules of Appellate Procedure (Doc. 35) (the "Motion") filed on April 18, 2012. The Motion requests this court "to require Plaintiff/Appellant to post bond to ensure payment of costs, including attorneys' fees, on appeal." (*Id.* at 1).

On April 18, 2012, the court entered a margin order on the Motion stating:

> ORDER deferring ruling on motion 35 Motion for Bond. Under the case law cited by the Defendant/movant, the court may include attorney's fees in the Rule 7 bond only if the court first determines that the appeal is "frivolous, unreasonable, or without foundation." However, Defendant/movant's affidavit in support of its Motion does not break down costs other than attorneys' fees (which may be awarded without such a determination) from costs including attorneys' fees. The court finds it would be more judicially efficient to decide the Defendant's Motion only once. Therefore, the court defers [r]uling on the Motion for

> Bond until such time as Defendant supplements its affidavit to separate claimed costs exclusive of attorneys' fees from claimed costs inclusive of attorneys' fees.  If the supplemental affidavit required by this Order is not filed by April 26, 2012, the Motion for Bond will be denied for failure to comply with this Order.  Any opposition by the Plaintiff/non-movant to the Motion for Bond (as supplemented) is due 14 calendar days after the Defendant/Movant files the supplemental affidavit required by this Order.  The Motion for Bond will then be under submission. Signed by Judge Virginia Emerson Hopkins on 4/18/2012.

(*See* CM/ECF margin entry dated Apr. 18, 2012).

In compliance with this order, on April 25, 2012, Defendant filed a supplemental affidavit in support of its Motion explaining that out of the overall figure of $6,000, approximately $5,800 would be for attorneys' fees and the remaining amount of $200 would be for costs.  (Doc. 37 ¶ 3).  Plaintiff's deadline to file an opposition to the Motion ran on May 10, 2012, and nothing was filed.  Therefore, the Motion is unopposed.

> Rule 7 of the Appellate Rules of Civil Procedure provides:
>
> > In a civil case, the district court <u>may</u> require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal. Rule 8(b) applies to a surety on a bond given under this rule.

Fed. R. App. P. 7 (emphasis added).  Thus, requiring an appellant to post a bond on appeal is a discretionary matter for the court.

Additionally, the Eleventh Circuit has clarified the district court's discretionary

role under Rule 7 as follows:

> In summary, reading Rule 7 against the *Christiansburg* decision, <u>we hold that a district court may not require an unsuccessful plaintiff in a civil rights case to post an appellate bond that includes not only ordinary costs but also the defendant's anticipated attorney's fees on appeal, unless the court determines that the appeal is likely to be frivolous, unreasonable, or without foundation. If the court does make that determination, it has discretion to grant the defendant's motion</u> and require the plaintiff to post a bond in the amount of the defendant's anticipated costs including appellate attorney's fees.
>
> But it need not do so. Because Rule 7 states the authority it gives in terms of "may," the district court may decide not to require an appeal bond or to require one that does not include the amount of the defendant's anticipated attorney's fees on appeal. *See Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 757 n. 2 (D.C. Cir.1980) ("[T]he new Rule 7, effective August 1979, leaves the requirement of an appeal bond to the district court's discretion . . . . We cannot dismiss American's appeal for failure to post a bond the district court chose not to require."); *Pan Am. Grain Mfg. Co. v. P.R. Ports Auth.*, 193 F.R.D. 26, 43 (D.P.R.2000) ("Rule 7 leaves to the discretion of the district court in a civil case whether to require the filing of a bond for costs on appeal."); *Lundy v. Union Carbide Corp.*, 598 F. Supp. 451, 452 (D. Or. 1984) ("The requirement of an appeal bond under Appellate Rule 7 is left to the discretion of the district court.").
>
> Of course, the fact that a plaintiff in a civil rights case is required to post a Rule 7 bond that includes anticipated appellate attorney's fees does not mean the plaintiff will be required to pay attorney's fees if the judgment is affirmed on appeal. This Court will award a defendant who succeeds in preserving a judgment against a plaintiff in a civil rights case attorney's fees only if we find that the plaintiff's appeal turned out to be frivolous, unreasonable, or without foundation within the meaning of the *Christiansburg* decision.

*Young v. New Process Steel, LP*, 419 F.3d 1201, 1207-08 (11th Cir. 2005) (emphasis

added).

Defendant has not cited to any authority which shows that Plaintiff's appeal likely constitutes "burdensome litigation having no legal or factual basis." *Young*, 419 F.3d at 1206 (quoting *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 420, 98 S. Ct. 694, 700, 54 L. Ed. 2d 648 (1978)) (internal quotation marks omitted). Accordingly, this court is under no obligation to address such an underdeveloped and perfunctorily presented position. *Cf. Flanigan's Enters., Inc. v. Fulton County, Ga.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (holding that a party waives an argument if the party "fail[s] to elaborate or provide any citation of authority in support" of the argument); *Ordower v. Feldman*, 826 F.2d 1569, 1576 (7th Cir. 1987) (stating that an argument made without citation to authority is insufficient to raise an issue before the court).

Further, having studied the record on summary judgment, while the court believes that its decision in Defendant's favor is a sound one from a substantive standpoint, it does not view Plaintiff's appeal as groundless or "likely to be frivolous, unreasonable, or without foundation." *Young*, 419 F.3d at 1207. Therefore, the court finds, in its discretion, that posting a $5,800 bond for attorneys' fees is inappropriate in this instance.

Defendant also has not persuaded the court why posting a bond for costs

exclusive of estimated attorneys' fees in the much more limited amount of $200 is warranted. Accordingly, the Motion is **DENIED**.

    **DONE** and **ORDERED** this the 14th day of May, 2012.

*/s/ Virginia Emerson Hopkins*
**VIRGINIA EMERSON HOPKINS**
United States District Judge